## EPHRIAM et v EPHRIAM et

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 29, 1935

Henderson, Wilson, Mason & Wyatt, Youngstown, for plaintiffs in error.

Wm. A. Mason, Youngstown, McKain, Ohl & Swanner, Youngstown, and Barnum, Hammond, Stephens & Hoyt, Youngstown, for defendants in error.

Wm. A. Mason, Attorney for Leo Ephriam, Admr.

A. M. Henderson, Attorney for Defendants, Fannie Ephriam and Della Ephriam.

McKain, Ohl & Swanner, Attorneys for Defendant, The City Trust & Savings Bank;

Barnum, Hammond, Stephens & Hoyt, Attorneys for the New York Life Insurance Company."

**OPINION**

By ROBERTS, J.

This court has then for consideration the issue as to whether reversible or prejudicial error was committed in the Court of Common Pleas in holding as it did regarding the disposition to be made of the fund in dispute, and that we deem to be the only issue presented to this court, and this is so held upon the theory that when this case was appealed from the Probate Court to the Common Pleas Court and that latter court determined the issues presented to it, the determination and finding as made in the Probate Court became unimportant.

The issues having been made up in the Court of Common Pleas, a court of admittedly competent jurisdiction, and the case submitted upon the evidence, the case was or should have been determined upon the issues thus made up irrespective of and disregarding any question of technical jurisdiction of the Probate Court in the proceedings in that court. Whatever the fact might be, as to the jurisdiction of the Probate Court under this declaratory law or otherwise, the appeal of the issue rendered the decision of the Probate Court nugatory in effect. After the duly perfected appeal the decision of the Probate Court ceased to function or exist.

In 2 **Ohio Jurisprudence**, §38, it is said:

"In Ohio the appeal itself vacates without revisal the whole proceedings as to findings of fact as well as law, and the case is heard upon the same or other pleadings and upon such competent testimony as may be offered in that court; it takes up the subject of the action de novo in respect to pleadings, necessary parties, trial and judgment in like manner as if the cause had never been tried below."

Later in the same paragraph it is said:

"It has been said that a trial de novo is the only meaning of the word 'appeal' in the state of Ohio."

A large number of cases are cited under the text above quoted.

It thus follows that this court is of the opinion that any attempted determination of the rights, powers or duties of the Probate Court in this connection are not pertinent, and the only proposition of error which this court has a right to consider is in connection with the determination made by the real issue as to who is entitled to this fund arising by reason of the death of the insured.

It was held in the case of **Nichol v Patterson, 4 Ohio, p. 200**, in the syllabus:

"Defendant appeals from a judgment of the justice of the peace in action of nuisance. The cause is docketed by the Common Pleas. Declaration filed and pleas put in. Defendant may then move to quash proceedings for the original defect of jurisdiction. Upon quashing such appeal no judgment can be given for costs."

No question has been raised in the instant case denying or questioning the jurisdiction of the Court of Common Pleas in

the issue as to the distribution of the insurance fund.

In the case of **O'Neill v Blessing, 34 Oh St, p. 33,** the third paragraph of the syllabus reads:

"Where an appeal from such a judgment (from a justice of the peace) was attempted, and the plaintiff thereupon filed his petition claiming damages in a sum of which the Common Pleas Court had original jurisdiction, and the defendant, without objection to the jurisdiction, obtained an order of the court requiring the plaintiff to amend his petition and then demurred to the petition as amended. Held, that the defendant had thereby entered his appearance as in an original action in the Court of Common Pleas."

In the case of **Wood v O'Farrell, 28 Oh St, 55,** it is said:

"In a case of which the Court of Common Pleas would not have had original jurisdiction, brought into the court by appeal from the justice of the peace, if the parties proceed to trial upon the merits without objection to the mode in which jurisdiction is taken, it is too late upon error to make such objection."

To the same effect see **Van Dyke v Rule, 49 Oh St, 530.**

Proceeding now to the real and only issue presented to this court, which arises from the terms of the policy relating thereto, hereinbefore quoted from the agreed stipulation, the concluding part of that paragraph reads as follows:

"In the event of the death of any beneficiaries before the insured, the interest of such beneficiary shall vest in the insured."

This insurance policy was a contract voluntarily entered into by the insured, Charles Ephriam, and the Insurance Company. Ephriam was desirous of purchasing indemnity. The company was engaged in the business of selling such indemnity. It was the right of the insured to impose conditions acceptable to the insurance company. Their agreement, as evidenced by the contract, to which each agreed, is shown by the insurance policy. It is not claimed that this policy in this regard does not express the meaning intended by the parties. We have simply for determination what

does this contract mean. Language could not have been made more clear or explicit and the contingency which happened is squarely covered by the language above quoted of the contract. One of the beneficiaries died before the insured, in which event it is said:

"The interest of such beneficiary shall vest in the insured."

The decedent had the right, and it may be presumed he intended, to provide for an indemnity of one-third of $10,000 for each of the three sisters mentioned, and that in case of the death of either one of the sisters before the insured, that such portion of the indemnity should become assets and a part of his estate. It was his money that bought this protection. He had a right to make these terms and he did so make them. This contract upon this proposition is so clear and explicit that it neither needs or is subject to construction of the meaning of the contracting parties.

It is of interest to note that the Supreme Court in **Ryan v Rothweiler et, 50 Oh St, 595,** held in the first paragraph of the syllabus:

"If a life insurance policy is taken out and premiums paid by the assured, and the policy made payable at his death to his wife, and in case of her decease during his life time to her children by him, in such case, if all the beneficiaries named in the policy die before the death of the assured, such policy reverts to the assured, and at his death becomes subject to administration and bequest the same as his other personal estate."

This decision was approved in **Frank, Admr. v Bauman et, 54 Oh St, 621,** and in **Dovel v Dovel et, 69 Oh St, 576.**

The Court of Common Pleas, in the opinion of this court, did not err in holding that the administrator of the estate of the decedent was entitled to this fund as a part of the assets of the estate to be administered by him, and, as has been said, this is the only issue recognized in this case, and upon this issue we find no reversible error and the judgment of the Court of Common Pleas is affirmed.

Judgment affirmed.

CARTER and NICHOLS, JJ, concur.